FILED

MAY 3 0 2018

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| ETHAN PODRY,<br>JAMES COLBURN,<br>WILLIAM HOUSTON PARRY,<br>DONALD LEROY MANNING,<br>JOSHUA LYLE,<br>ANTHONY LEE MAIER,<br>BERNARD JAMES FITZPATRICK,<br>TIMOTHY LEWIS,<br>JOSHUA DISKIN,<br>CHARLES MIESMER,<br>JOSHUA URIAH PIERRE,<br>WILLIAM ELIJAH,<br>TIMOTHY HAWTHORNE,<br>JOHN NEMETZ,<br>JAMES CHURCH,<br>BRIAN HOLM,<br>THOMAS ALAN PARK,<br>BRIAN NORVELL,<br>PHILIPP PIERRE,<br>RAMIN RUDESEAL,<br>DANIEL JAY DODSON,<br>NATIVIDAD BRATTAIN,<br>JORGE MARRERO,<br>DAVION JONES,<br>JACOB DEAN DALAGER,<br>MICHAEL MAX MILLER,<br>BRETT LOCKHART,<br>CHIRSTOPHER KING,<br>ANTHONY GLEN COX,<br>TORREY HAGINS,<br><br>    Petitioners,<br><br> vs. | Cause No. CV-18-24-H-DLC-JTJ<br><br>ORDER |

MICHAEL FLETCHER,

Respondent.

This case comes before the Court on Petitioners' application for writ of habeas corpus. Petitioners are state prisoners proceeding pro se. In what Petitioners characterized as an "en masse petition for writ of habeas corpus as per 28 USC §2254 and Rule 20(a) and Rule 23 of the Federal Rules of Civil Procedure," the pro se petitioners, sought to challenge the constitutionality of the criminal charging process utilized against them by the State of Montana. *See generally* (Doc. 1 at 20-34).

The Court informed the petitioners that they would not be allowed to proceed together as a group. *See generally,* (Doc. 4). Specifically, the Court held joinder under Fed. R. Civ. P. 20 was inconsistent with 28 U.S.C. §§ 2244 and 2254. Further, in light of the individualized prerequisites to habeas relief, no petitioner could adequately act as a "representative" of any other petitioner, *see* Fed. R. Civ. P. 23(a), and no petitioner could "fairly and adequately protect the interests of the class," *see* Fed. R. Civ. P. 23(a)(4). *Id.* at 5. Thus, the Court elected not to apply Federal Rules of Civil Procedure 20 and 23. *Id., citing* Rule 12, Rules Governing § 2254 Cases; *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005). The Court then characterized the "en masse" filing as individual petitions under 28 U.S.C. §2254 and separate cases were opened for each petitioner.

Petitioners have now proceeded individually and all motions that were originally filed in the above-reference matter have been separately filed and addressed in each petitioner's individual case.

Based on the foregoing, the Court enters the following:

**ORDER**

1. All motions pending in the above-referenced matter, are DENIED as moot.

2. The Clerk of Court is directed to close this case.

DATED this 30th day of May, 2018.

/s/ John Johnston
John Johnston
United States Magistrate Judge